DANIEL B. BADGER *vs.* RICHARD HOLMES.

The lessee of the interest of one tenant in common does not, by occupying the whole estate, render himself liable for use and occupation to another tenant in common, to whom he has not attorned, and to whose occupation of his share of the estate he has never objected.

ACTION OF CONTRACT for use and occupation. The case was submitted to the decision of the court upon the following facts : The plaintiff and Lemuel Cushing owned in common the premises in question. In October 1846 Cushing leased his interest to the defendant, who entered under the lease, and occupied the whole of the premises, paying rent to no one but Cushing. In April 1848 the plaintiff notified the defendant of his interest in the premises, and demanded rent, but the defendant refused to pay, and " has never in any way become a tenant to the plaintiff or attorned to him ; and has never objected to his occupancy of his part of the premises. And the plaintiff has never made any claim to be admitted into possession of the premises or of any part thereof."

*S. D. Parker,* for the plaintiff, cited *Calhoun* v. *Curtis,* 4 Met. 413; *Fitchburg Cotton Manufactory* v. *Melven,* 15 Mass. 268; *Allen* v. *Thayer,* 17 Mass. 299 ; *Munroe* v. *Luke,* 1 Met. 459.

*H. C. Hutchins,* for the defendant.

BIGELOW, J. Nothing is better settled than the rule, that the mere occupation of premises owned in common, by one of the tenants in common, does not entitle his cotenant to call him to account, or render him in any way liable to an action for the use and occupation of the estate. Each owns the estate *per mi et per tout.* If a cotenant does not see fit to come in and occupy, the other still has the right to the enjoyment of the estate ; and in such case the sole occupation of one is not an exclusion of the other. Each tenant, being seised of each and every part and parcel of the estate, has a right to the use and enjoyment of it ; and so long as he does not hold his cotenant out, or in any way deprive him of the occupation of the estate, he exercises

only a legal right, and receives nothing for which he is bound to account to his cotenant.

The ancient rule of the common law, as stated in Co. Lit. 199 *b*, was, that " albeit one tenant in common take the whole profits, the other hath no remedy by law against him; for the taking of the whole profits is no ejectment." This was changed by *St.* 4 & 5 Anne, *c.* 16, § 27, by which it was enacted, that an action of account might be maintained by one joint tenant or tenant in common against the other, charging him, as bailiff, for receiving more than came to his share or proportion; but, in order to maintain such action, it was necessary to show, not a mere occupation of the premises by a tenant in common, but an actual receipt of rents and profits, over and above his share thereof, which actually belonged to his cotenant. In this commonwealth, however, even before the action of account was abolished by Rev. Sts. *c.* 118, § 43, it was held that an action for money had and received would lie by one tenant in common against his cotenant, to recover a surplus of rents received by him out of the estate owned in common; it being money which, in equity and good conscience, he was not entitled to retain as against his cotenant. This right of action was founded on the *St.* of Anne, but was extended to an action for money had and received, because the action of account, by reason of its prolixity, had become disused in this commonwealth. *Jones* v. *Harraden,* 9 Mass. 540 *note.* *Sargent* v. *Parsons,* 12 Mass. 149. *Munroe* v. *Luke,* 1 Met. 459. *Shepard* v. *Richards,* 2 Gray, 424.

In the case at bar, the facts do not show that the defendant has occupied the premises to the exclusion of the plaintiff. On the contrary, it is expressly agreed that the defendant is in under a title limited in terms to the proportion or interest which his lessor owns in the entire estate; and that the plaintiff has never made any claim to be admitted into possession of the premises, or any part thereof. The plaintiff can claim no other or greater rights against the defendant, as lessee of his cotenant, than against the cotenant himself. In fact, to the extent of the term granted by the lease, the defendant is the cotenant of the plaintiff. Having occupied only according to his title,

although in the actual possession of the entire estate, he is not liable to the plaintiff for the use and occupation of the premises. The plaintiff cannot make his own omission to occupy the joint estate a ground of action against his cotenant. The relation of landlord and tenant does not subsist between the parties. The defendant is in by a separate and independent title; and there is neither privity of contract or privity of estate between him and the plaintiff, on which to maintain an action for use and occupation of the premises.                *Plaintiff nonsuit.*